UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | Case No.: 1:15-cv-00306-JLT |
| Petitioner, | ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION |
| v. | |
| DIRECTOR, CDCR, | THIRTY DAY DEADLINE |
| Respondent. | ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed the instant petition on February 24, 2015, in the Northern District of California.  (Doc. 1).  The case was transferred to this Court on February 26, 2015.  (Doc. 5).

## DISCUSSION

A. Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

  B. <u>Insufficient Information And Failure To State A Cognizable Habeas Claim</u>.

A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding his claims for this case to proceed.

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner appears to challenge a January 5, 2010 conviction in the Kern County Superior Court; however, Petitioner does not allege the nature of the conviction, the length of the sentence, or any other details regarding the conviction he purports to challenge.  Petitioner mentions a parole revocation proceeding resulting from an incident in which Petitioner was found consuming alcohol, allegedly in violation of the terms of his parole.  Whether this is the 2010 conviction Petitioner is challenging, or whether it is a separate conviction, is unclear.  Moreover, the only allegation Petitioner raises is that this was a "sham" prosecution.  Petitioner provides no details explaining why the prosecution was a "sham," nor, specifically, what constitutional violations he alleges took place.

In sum, Petitioner submitted a petition that fails to comply with the requirements of Rule 2(c).  The Court cannot discern any specific claims for relief from the information provided nor what kind of relief Petitioner might be seeking.  At one juncture, Petitioner argues that he has not exhausted this claim because he is not challenging the fact or duration of his confinement; rather he is requesting money damages.  Later, Petitioner alleges he is challenging the fact or duration of his confinement.

From the foregoing, it is impossible for this Court to determine precisely what claims Petitioner is raising as to which conviction.  It is Petitioner's responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to

raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated. Petitioner has failed to meet these minimal pleading requirements. Accordingly, Petitioner will be required to submit a First Amended Petition in which he clearly and succinctly sets forth all of his claims, together with supporting factual allegations, in order for this case to proceed.

C. <u>Exhaustion of Remedies</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, Petitioner alleges that he did not appeal the 2010 conviction he purports to challenge. Nor does he allege that he has filed any state habeas corpus proceedings challenging this conviction. Instead, Petitioner argues that, because he is seeking money damages, exhaustion is not required. The Court advises Petitioner that either this action is one for money damages pursuant to 42 U.S.C. sec.

3

1983, in which case this Court lacks jurisdiction over this "habeas" petition, or it is a habeas corpus petition pursuant to 18 U.S.C. sec. 2254, in which case complete factual and legal exhaustion in state court is a prerequisite to filing a petition in this Court;Petitioner cannot have it both ways.  Since Petitioner has not provided any evidence of exhaustion, the amended petition must contain such evidence; otherwise, the Court will recommend that the petition be dismissed as unexhausted.

    D.  Statute of Limitations.

    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on April 4, 2012, and thus, it is subject to the provisions of the AEDPA.

    The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas petitions challenging an administrative decision in the context of a parole board determination.  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080 n. 4 (9th

1  Cir. 2003). Under subsection (d), the limitation period begins to run on "the date on which the factual
2  predicate of the claim or claims presented could have been discovered through the exercise of due
3  diligence." In the context of a parole board decision, the factual basis is the parole board's denial of a
4  petitioner's administrative appeal. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082-1083.

5  Here, as mentioned above, Petitioner has failed to provide sufficient information for the Court
6  to determine whether he is in compliance with the AEDPA's one-year limitation requirement. In his
7  first amended petition, Petitioner must supply information related to the date of judgment of conviction,
8  as well as the date or dates of any state habeas corpus petitions, including dates of filing and dates of
9  denial. Without such information, the Court cannot perform its screening function to determine
10 whether the instant petition is timely under the AEDPA without first knowing what decision is being
11 challenged and when that decision was made.

12     E. <u>Failure to Name A Proper Respondent</u>.

13 A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer
14 having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254
15 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme
16 Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated
17 petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has
18 "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
19 1992); see also, Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions
20 is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or
21 parole, the proper respondent is his probation or parole officer and the official in charge of the parole or
22 probation agency or state correctional agency. Id.

23 Here, Petitioner has named as Respondent the "CDCR Director." However, the "CDCR
24 Director" is not the warden or chief officer of the institution where Petitioner is confined and, thus,
25 does not have day-to-day control over Petitioner. Petitioner is presently confined at the California
26 Health Care Facility, Stockton, California. The current director or warden of that facility, Brian
27 Duffy, is the person Petitioner should name as Respondent.

28 Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility in any amended petition he files. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In any amended petition, Petitioner must name a proper respondent.

For all of the foregoing reasons, the instant petition in deficient. Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

Accordingly, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated: **March 5, 2015**           **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE