UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>      Petitioner,<br><br>    v.<br><br>CDCR DIRECTOR, et al.,<br><br>      Respondents. | Case No.: 1:15-cv-00306-JLT<br><br>ORDER DENYING PETITIONER'S MOTION TO CHANGE VENUE (Doc. 11)<br><br>ORDER DENYING PETITIONER'S MOTION TO SUBSTITUTE PROPER RESPONDENT (Doc. 9)<br><br>ORDER DENYING PETITIONER'S MOTION TO EXPAND THE RECORD (Doc. 9)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE AMENDED PETITION (Doc. 9)<br><br>THIRTY DAY DEADLINE |

      Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

      The petition was filed in the U.S. District Court for the Northern District of California and transferred to this Court on February 25, 2015. (Docs. 1; 4; 5). After conducting a preliminary screening of the petition, the Court, on March 5, 2015, issued an order requiring Petitioner to file a first amended petition because (1) Petitioner's claims were unintelligible; (2) Petitioner had not provided sufficient information to determine whether the claims in the petition were exhausted; and

1

(3) it appeared that the petition may be untimely and additional information was required from Petitioner to make a final determination. (Doc. 8). Petitioner was given thirty days within which to file an amended petition.

On March 23, 2015, Petitioner filed a virtually unintelligible motion that appears to request three things: (1) that the Court change the name of Respondent to Ventura Superior Court; (2) that the Court augment the record in some unspecified way; and (3) that Petitioner be granted an additional thirty days within which to file his amended petition. (Doc. 9). On March 30, 2015, Petitioner filed a motion for change of venue to the Ventura County Superior Court. (Doc. 11).

## DISCUSSION

A.  Venue.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, petitioner is challenging a 2012 conviction from Kern County, which is within the jurisdiction of this Court.  Therefore, the Northern District of California correctly transferred the petition to this Court.  Petitioner's request to transfer this case to the Ventura Superior Court asks for the impossible.  This is a *federal* district court.  The court to which Petitioner wishes venue to be changed is a *state superior court*, which, of course, has no jurisdiction over federal habeas corpus petitions.  There is no provision in any federal law for the transfer of a habeas corpus case from the federal district court to a state court.  Accordingly, the motion for change of venue must be denied.

B.  Change of Respondent.

Petitioner's request to change the name of the Respondent is similarly misguided.  A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360

(9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Here, Petitioner has named the Director of the California Department of Corrections and Rehabilitations, who is a proper respondent. Naming the "Ventura County Superior Court" as Respondent would deprive this Court of jurisdiction since that court is not the person who has custody of Petitioner. Accordingly, Petitioner's motion for change of Respondent will be denied.

C. Expansion of the Record.

Petitioner's request to expand the record is unintelligible. The Court cannot discern either the scope of the request, i.e., the evidence or documents or records which Petitioner wishes to include in the request, or the reasons for such a request. Until and unless Petitioner can articulate facts and legal reasons for making such a request, it will be denied.

D. Extension of Time

Petitioner appears to have requested an extension of time of thirty days within which to file his first amended petition, based on problems he has experienced with the prison mail room. For good cause, the Court will grant the requested extension. However, no further extensions will be granted absent extraordinary circumstances beyond Petitioner's control.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion for change of venue (Doc. 11), is **DENIED**;
2. Petitioner's motion for change of Respondent (Doc. 9), is **DENIED**;
3. Petitioner's motion for expansion of the record (Doc. 9), is **DENIED**;
4. Petitioner's motion for extension of time to file an amended petition (Doc. 9), is **GRANTED**. Petitioner is granted thirty days from the date of service of this order within which to file his amended petition.

///
///

**Petitioner is forewarned that failure to comply with this order will result in a recommendation to dismiss the petition.**

IT IS SO ORDERED.

Dated:   **April 16, 2015**                              **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE